THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SAMANTHA ORVIN (fka SAMANTHA B. BOST) and LORIN J. ORVIN, TRUSTEES OF THE LORIN J. AND SAMANTHA ORVIN REVOCABLE TRUST DATED FEBRUARY 26, 2021, SAMANTHA ORVIN (fka SAMANTHA B. BOST), <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL CITY MORTGAGE a division of NATIONAL CITY BANK OF INDIANA, NATIONAL CITY MORTGAGE CO., a subsidiary of NATIONAL CITY BANK, E*TRADE BANK, GULF HARBOUR INVESTMENTS CORPORATION, SPECIALIZED LOAN SERVICING LLC, and JOHN DOES I through X, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE REGARDING DISMISSAL OF REMAINING DEFENDANTS** <br><br> Case No. 4:22-cv-00064-DN-PK <br><br> District Judge David Nuffer |

This action concerns the enforceability of a trust deed securing real property. Plaintiffs assert claims against Defendants (1) for declaratory judgment that the statute of limitations for enforcing the trust deed to foreclose on the property has run; (2) to quiet title in the property; and (3) for attorney's fees.[1] Defendants Gulf Harbour Investments Corporation ("GHI") and Specialized Loan Servicing LLC ("SLS") seek dismissal of Plaintiffs' Complaint for failure to state a claim.[2]

---

[1] Complaint ¶¶ 27-56 at 5-9, docket no. 2-1, filed Aug. 3, 2022.

[2] Defendant Specialized Loan Servicing LLC's and Gulf Harbour Investments Corporation's Motion to Dismiss Plaintiffs' Complaint ("Motion to Dismiss"), docket no. 17, filed Sept. 23, 2022.

Because the facts Plaintiffs allege demonstrate that the relevant statute of limitations for enforcing the trust deed has not run, Plaintiffs' Complaint fails to state a plausible claim for relief. Therefore, GHI and SLS's Motion to Dismiss[3] is GRANTED.

**Contents**

BACKGROUND ........................................................................................................................... 2
DISCUSSION ............................................................................................................................... 3
    UTAH CODE ANN. § 70A-3-118(1) is the applicable six-year statute of limitations for enforcing the Trust Deed ............................................................................................. 4
    The six-year statute of limitations to enforce the Trust Deed began to run on June 1, 2021, when the underlying obligation became due ................................................. 7
        The date on which Samantha made her last payment on the Note is not a triggering event for the six-year limitations period .................................... 8
        Samantha's bankruptcy discharge is not a triggering event for the six-year limitations period ........................................................................................ 9
    Plaintiffs' Complaint fails to state a plausible claim for relief against GHI and SLS ........ 9
    Plaintiffs must show cause as to why their Complaint should not be dismissed without prejudice regarding the remaining Defendants ...................................................... 10
ORDER ....................................................................................................................................... 11

# BACKGROUND

On March 4, 2006, Samantha Orvin ("Samantha") obtained title to real property located in Washington County, State of Utah, at Lot 59, Bloomington Hills No. 1 Subdivision (the "Property").[4] On May 10, 2006, Samantha executed a Note in favor of National City Mortgage in the amount of $193,250.00.[5] That same day, Samantha executed a Trust Deed, identifying National City Mortgage as the beneficiary and pledging the Property as security for the Note.[6]

---

[3] *Id.*

[4] Complaint ¶ 11 at 3, Ex. 1 (Warranty Deed).

[5] *Id.* ¶ 12 at 3.

[6] *Id.* ¶ 13 at 3, Ex. 2 (Deed of Trust).

Under the terms of the Trust Deed, the debt on the Note became due on June 1, 2021, unless otherwise accelerated.[7]

The Trust Deed was subsequently transferred between several entities, including National City Mortgage Co. on March 13, 2007;[8] E*Trade Bank on March 13, 2007;[9] and GHI on February 19, 2019.[10] And servicing of the debt transferred to SLS on February 17, 2015.[11]

Samantha last made a payment on the Note on March 26, 2008.[12] On May 27, 2011, Samantha filed a Chapter 7 bankruptcy petition.[13] The bankruptcy court ordered a discharge of Samantha's debt, including her personal obligation for the debt under the Note and secured by the Trust Deed, on September 2, 2011.[14] On April 6, 2022, SLS sent a letter to Samantha titled "Notice of Default and Notice of Intent to Foreclose."[15] No notice of default regarding the Trust Deed had been filed or recorded at any time prior to SLS's letter.[16]

## DISCUSSION

Plaintiffs brought suit against Defendants seeking declaratory judgment that the statute of limitations for enforcing the Trust Deed by foreclosing on the Property has run.[17] Plaintiffs also seek to quiet title in the Property because the Trust Deed is unenforceable.[18] And Plaintiffs seek

---

[7] *Id.* at Ex. 2 (Deed of Trust) at 2.

[8] *Id.* ¶ 14 at 3, Ex. 3 (Assignment of Deed of Trust).

[9] *Id.* ¶ 15 at 3, Ex. 4 (Assignment of Deed of Trust).

[10] *Id.* ¶ 23 at 4, Ex. 6 (Assignment of Deed of Trust).

[11] *Id.* at Ex. 5 (Verification of Mortgage).

[12] *Id.* ¶ 16 at 3, Ex. 5 (Verification of Mortgage).

[13] *Id.* ¶ 18 at 4.

[14] *Id.* ¶ 20 at 4.

[15] *Id.* ¶ 25 at 4.

[16] *Id.* ¶ 26 at 5.

[17] *Id.* ¶¶ 27-44 at 5-7.

[18] *Id.* ¶¶ 45-52 at 7-8.

an award of attorney's fees under UTAH CODE ANN. § 78B-5-826 based on the Trust Deed's attorney's fees provision.[19] GHI and SLS seek dismissal of Plaintiffs' Complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim.[20]

Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[21] Each cause of action must be supported by enough sufficient, well-pleaded facts to be plausible on its face.[22] In reviewing the complaint, factual allegations are accepted as true and all reasonable inferences are drawn in a light most favorable to the plaintiff.[23] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[24]

## UTAH CODE ANN. § 70A-3-118(1) is the applicable six-year statute of limitations for enforcing the Trust Deed

The parties agree that the applicable limitations period for enforcing of the Trust Deed to foreclose on the Property is six years. However, the parties disagree regarding the applicable statute of limitations and when the six-year limitations period began to run.

Plaintiffs argue that UTAH CODE ANN. § 78B-2-309(1)(b), Utah's general statute of limitations for actions upon a written instrument is the applicable statute of limitations for enforcing the Trust Deed.[25] Plaintiffs premise their argument that the statute has run on the September 2, 2011 bankruptcy discharge of Samantha's personal liability on the Note.[26]

---

[19] *Id.* ¶¶ 53-56 at 8-9.

[20] Motion to Dismiss at 2.

[21] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[22] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[23] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[25] Plaintiffs' Response Memorandum in Opposition to Defendants' Motion to Dismiss ("Response") at 7-12, docket no. 20, filed Oct. 21, 2022.

[26] *Id.*

According to Plaintiffs, after the bankruptcy discharge, the Note could no longer serve as the underlying obligation for the Trust Deed.[27] Plaintiffs therefore argue that UTAH CODE ANN. § 78B-2-113(1)(c) sets the applicable date on which the six-year limitations period began to run, *i.e.*, the date on which Samantha made her last payment on the Note (March 26, 2008).[28]

GHI and SLS argue that Article 3 of the Uniform Commercial Code ("UCC"), UTAH CODE ANN. § 70A-3-118(1), sets the applicable six-year limitations period for enforcing the Trust Deed.[29] And they argue that Samantha's last payment on the Note and bankruptcy discharge are irrelevant because under UTAH CODE ANN. § 70A-3-118(1), the six-year limitations period did not begin to run until the unaccelerated debt secured by the Trust Deed became due (June 1, 2021).[30] GHI and SLS are correct.

In Utah, foreclosure on real property secured by a trust deed is governed by UTAH CODE ANN. § 57-1-34, which states:

> A person shall, within the period prescribed by law for the commencement of an action on an obligation secured by a trust deed: (1) commence an action to foreclose the trust deed; or (2) file for record a notice of default under [UTAH CODE ANN. §] 57-1-24.[31]

This statute "plainly requires that a court determine the statute of limitations for foreclosure under a deed of trust by reference to the limitations period on the underlying obligation."[32]

---

[27] *Id*.

[28] *Id*.

[29] Motion to Dismiss at 5-8.

[30] *Id*.

[31] UTAH CODE ANN. § 57-1-34. This version of the statute became effective on May 10, 2016. The prior version of the statute required a "Trustee's sale of property under a trust deed," as opposed to recording a notice of default, to be "within the period prescribed by law for the commencement of an action on the obligation secured by the trust deed." The statute's 2016 amendment has no effect on the applicable statute of limitations in this case.

[32] *Deleeuw v. Nationstar Mort., LLC*, 424 P.3d 1075, 1078-1079 (Utah Ct. App. 2018).

"[Utah's] supreme court has stated that 'where the U[CC] sets forth a limitation period for a specific type of action, this limitation controls over an older, more general statute of limitations."[33] Applying this precedent, the Utah Court of Appeals and courts in this District have held that the UCC's more specific statute of limitations, UTAH CODE ANN. § 70A-3-118(1), governs the enforcement of a trust deeds, rather than the general statute of limitations for written instruments found in UTAH CODE ANN. § 78B-2-309(1)(b).[34]

"[I]t is irrelevant that the UCC does not apply to deeds of trust in other contexts."[35] The issue "does not involve a real estate transaction—it involves the use of the Property to secure [a] debt by way of an underlying contractual obligation[.]"[36] "[T]hat underlying obligation is the loan[,]" and "the Note is a negotiable instrument within the meaning of the UCC."[37] "Because the Note is a negotiable instrument, any lawsuit to enforce the Note is governed by the UCC statute of limitations."[38]

Plaintiffs point to no legal authority to support their argument that Samantha's bankruptcy discharge somehow severed the Note from serving as the underlying obligation for the Trust Deed. Indeed, the bankruptcy discharge only precluded actions for Samantha's personal liability on the Note, and did not extinguish the Trust Deed securing the obligation or the lien interest on the Property.[39] Plaintiffs acknowledge as much in their Response to GHI and SLS's

---

[33] *Id*. 1078 (quoting *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984)).

[34] *Bradsen v. Shellpoint Mortg. Servs.*, 505 P.3d 1109, 1114 (Utah Ct. App. 2022); *Daniels v. Deutsche Bank Nat'l Trust*, 500 P.3d 891, 899 (Utah Ct. App. 2021); *Deleeuw*, 424 P.3d at 1078-1079; *Lewis v. Caliber Home Loans, Inc.*, No. 2:16-cv-01252-DAK, 2018 WL 485967, *1 (D. Utah Jan. 18, 2018); *Van Leeuwen v. Bank of America N.A.*, No. 2:14-cv-00703-RJS, 2015 WL 5618048, *3 (D. Utah Sept. 24, 2015).

[35] *Deleeuw*, 424 P.3d at 1079.

[36] *Id*. at 1078.

[37] *Id*. at 1079.

[38] *Id*.

[39] *Dewsnup v. Timm*, 502 U.S. 410, 418 (1992) ("Under the Bankruptcy Act of 1989, a lien on real property passed through bankruptcy unaffected."); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) ("[A] bankruptcy discharge

Motion to Dismiss.[40] Therefore, the applicable six-year statute of limitations to foreclose on the Property secured by the Trust Deed is UTAH CODE ANN. § 70A-3-118(1).

### The six-year statute of limitations to enforce the Trust Deed began to run on June 1, 2021, when the underlying obligation became due

Under UTAH CODE ANN. § 70A-3-118(1), "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."[41]

Under the terms of the Trust Deed, the debt on the Note became due on June 1, 2021, unless otherwise accelerated.[42] Plaintiffs do not allege any facts demonstrating or suggesting that the debt's due date was ever accelerated. Indeed, the only allegations of any actions taken regarding the debt are assignments of the Trust Deed among Defendants,[43] and SLS's April 6, 2022 letter to Samantha titled "Notice of Default and Notice of Intent to Foreclose."[44] No notice of default regarding the Trust Deed was filed or recorded at any time prior to SLS's letter.[45] Therefore, accepting the allegations in Plaintiffs' Complaint as true, the six-year statute of limitations for enforcing the Trust Deed began to run when the underlying obligation became due on June 1, 2021.[46]

---

extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.").

[40] Response at 7.

[41] UTAH CODE ANN. § 70A-3-118(1).

[42] Complaint at Ex. 2 (Deed of Trust) at 2.

[43] *Id*. ¶¶ 14-15 at 3, ¶ 23 at 4, Ex. 3 (Assignment of Deed of Trust), Ex. 4 (Assignment of Deed of Trust), Ex. 6 (Assignment of Deed of Trust).

[44] *Id*. ¶ 25 at 4.

[45] *Id*. ¶ 26 at 5.

[46] *Id*. ¶¶ 12-13 at 3, Ex. 2 (Deed of Trust) at 2.

**The date on which Samantha made her last payment on the Note is not a triggering event for the six-year limitations period**

Plaintiffs argue that the date on which Samantha made her last payment on the Note (March 26, 2008) began the six-year limitations period to enforce the Trust Deed.[47] To support this argument, Plaintiffs rely on UTAH CODE ANN. § 78B-2-113(1)(c),[48] which provides that "[a]n action for recovery of a debt may be brought within the applicable statute of limitations from the date . . . a payment is made on the debt by the debtor."[49] But Plaintiffs ignore this statute's plain language which subjects its provisions to "the applicable statute of limitations."[50]

The applicable six-year limitations period to enforce the Trust Deed is set by UTAH CODE ANN. § 70A-3-118(1),[51] which by its plain language does not begin to run until the date the debt became due, or if accelerated, the accelerated due date.[52] UTAH CODE ANN. § 78B-2-113(1)(c) does not set forth triggering events that start the six-year limitations period of UTAH CODE ANN. § 70A-3-118(1). Rather, the statute's purpose is to "restart" the six-year limitations period if a payment is made on the debt after the date the debt became due, or the debt's accelerated due date.[53]

Plaintiffs' Complaint does not allege any facts to support or suggest that UTAH CODE ANN. § 78B-2-113(1)(c) is applicable. Nor do Plaintiffs allege any facts or cite any legal authority to support their argument that Samantha's last payment on the Note accelerated the

---

[47] Response at 7-12.

[48] *Id*.

[49] UTAH CODE ANN. § 78B-2-113(1)(c).

[50] *Id*.

[51] *Bradsen*, 505 P.3d at 1114; *Daniels*, 500 P.3d at 899; *Deleeuw*, 424 P.3d at 1078-1079; *Lewis*, 2018 WL 485967, *1; *Van Leeuwen*, 2015 WL 5618048, *3.

[52] UTAH CODE ANN. § 70A-3-118(1).

[53] *Bradsen*, 505 P.3d at 1114.

debt's due date. Therefore, the date of Samantha's last payment on the Note is not a triggering event for the six-year limitations period to enforce the Trust Deed.

**Samantha's bankruptcy discharge is not a triggering event for the six-year limitations period**

Additionally, although not argued in Plaintiffs' Response to the GHI and SLS's Motion to Dismiss, Plaintiffs' Complaint alleges that Samantha's September 2011 bankruptcy discharge of the debt on the Note triggered the six-year limitations period to enforce the Trust Deed.[54] This conclusory allegation is not supported by fact or law.

Plaintiffs do not allege any facts or cite any legal authority to support their allegation that Samantha's bankruptcy discharge triggered the six-year limitations period of UTAH CODE ANN. § 70A-3-118(1), or that it somehow accelerated the debt's due date. A bankruptcy discharge is not a triggering or accelerating event under the statute's plain language. Nor is a bankruptcy discharge an accelerating event under the Trust Deed's plain language. Rather, as Plaintiffs acknowledge,[55] the bankruptcy discharge only precluded actions for Samantha's personal liability on the Note, and did not extinguish the Trust Deed or the lien interest on the Property.[56] Therefore, Samantha's bankruptcy discharge is not a triggering event for the six-year limitations period to enforce the Trust Deed.

**Plaintiffs' Complaint fails to state a plausible claim for relief against GHI and SLS**

Plaintiffs' Complaint asserts claims for declaratory judgment, to quiet title, and for attorney's fees.[57] Each of these claims is premised on the Trust Deed being unenforceable based

---

[54] Complaint ¶ 37 at 6.

[55] Response at 7.

[56] *Dewsnup*, 502 U.S. at 418; *Johnson*, 501 U.S. at 84.

[57] Complaint ¶¶ 27-56 at 5-9.

on the running of the six-year statute of limitations.[58] However, accepting the allegations of Plaintiffs' Complaint as true, the six-year limitations period for enforcing the Trust Deed began to run when the underlying obligation became due on June 1, 2021.[59] Thus, the Trust Deed remains enforceable within the limitations period until June 1, 2027.

Because the limitations period for enforcing the Trust Deed has not run, Plaintiffs' Complaint fails to state a plausible claim for relief against GHI and SLS. Therefore, GHI and SLS's Motion to Dismiss[60] is GRANTED.

### Plaintiffs must show cause as to why their Complaint should not be dismissed without prejudice regarding the remaining Defendants

Plaintiffs' claims against the remaining Defendants, National City Mortgage and National City Mortgage Co., are premised on the same allegations as their claims against GHI and SLS, *i.e.*, that the Trust Deed is unenforceable based on the running of the six-year statute of limitations.[61] Because the Complaint's allegations demonstrate that the six-year limitations period for enforcing the Trust Deed will not run until June 1, 2027,[62] it appears that the Complaint fails to state a plausible claim for relief against National City Mortgage and National City Mortgage Co.

Therefore, Plaintiffs must file a brief showing cause as to why their Complaint should not be dismissed without prejudice for failure to state a plausible claim for relief against National City Mortgage and National City Mortgage Co.

---

[58] *Id.*

[59] *Supra* Discussion at 7-9.

[60] Docket no. 17, filed Sept. 23, 2022.

[61] Complaint ¶¶ 27-56 at 5-9.

[62] *Supra* Discussion at 7-10.

**ORDER**

IT IS HEREBY ORDERED that GHI and SLS's Motion to Dismiss[63] is GRANTED. Plaintiffs' Complaint[64] is DISMISSED without prejudice as to Defendants Gulf Harbour Investments Corporation and Specialized Loan Servicing LLC.

IT IS FURTHER ORDERED that by no later than April 28, 2023, Plaintiffs must file a brief, not exceeding 10 pages in length, showing cause as to why their Complaint should not be dismissed without prejudice for failure to state a plausible claim for relief against Defendants National City Mortgage and National City Mortgage Co. Plaintiffs' brief may not reargue the same arguments raised in Plaintiffs' Response to GHI and SLS's Motions to Dismiss which were rejected in this Memorandum Decision and Order. A failure of Plaintiffs to timely file a brief will result in the dismissal of Plaintiffs' claims against National City Mortgage and National City Mortgage Co. without further notice.

Signed April 18, 2023.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[63] Docket no. 17, filed Sept. 23, 2022.
[64] Docket no. 2-1, filed Aug. 3, 2022.